IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Lashon Alvin Ladson,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:09-cr-00226-TLW<br>C/A No. 4:14-cv-02519-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Lashon Alvin Ladson. For the reasons stated below, the Court dismisses the petition.

## I.   Factual and Procedural History

Petitioner pled guilty to Felon in Possession of a Firearm and Ammunition, and he was sentenced to 105 months incarceration on September 30, 2009. The PSR reflects that he had a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2) because he had two prior convictions for crimes of violence: (1) Burglary 2nd Degree; and (2) Assault and Battery of a High and Aggravated Nature ("ABHAN"). He has filed a petition under 28 U.S.C. § 2255 in which he argues that his burglary and ABHAN convictions should not have been counted as crimes of violence and that his base offense level therefore should have been lower.

The Court held the § 2255 petition in abeyance pending the Fourth Circuit's *en banc* consideration of the panel opinion in *Whiteside v. United States*, 748 F.3d 541 (4th Cir. 2014). After the Fourth Circuit issued its *en banc* opinion in *Whiteside v. United States*, 775 F.3d 180 (4th Cir. 2014) (en banc), this Court lifted the abeyance order and directed the Government to

1

respond to the petition. The Government filed a Motion to Dismiss, asserting that the petition should be dismissed as untimely. Petitioner did not file a response.

This matter is now ripe for decision.

## II.    28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if he proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, and finds that no hearing is necessary.

## III.  Discussion

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely.  The Court agrees.

### A.    Timeliness under AEDPA

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 petition must be filed within one year of the latest of the following dates:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  The Court will address the applicability of each of these subsections.

#### 1.    *§ 2255(f)(1)*

Petitioner's petition is untimely under § 2255(f)(1).  Judgment was entered on September 30, 2009, so he had until October 10, 2009 to file a notice of appeal.[1]  Because he did not file an appeal, the judgment of conviction in his case became final on October 10, 2009, which is also the date the one-year limitations period began to run.  He did not file this § 2255 petition until April 25, 2014—over four years later.  Accordingly, the Court finds that his petition is untimely

---

[1] At that time, a defendant had 10 days to file a notice of appeal.  Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure has since been amended to give a defendant 14 days to file a notice of appeal.

3

pursuant to § 2255(f)(1).

### 2. *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from making his petition. Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(2).

### 3. *§ 2255(f)(3)*

Section 2255(f)(3) only applies where the right asserted was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Neither of the cases that Petitioner relies on— *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013)—have been made retroactively applicable to cases on collateral review. *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014); *Mason v. Thomas*, No. 0:14-cv-2552-RBH, 2014 WL 7180801, at *4 (D.S.C. Dec. 16, 2014). Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(3).

### 4. *§ 2255(f)(4)*

The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case. Petitioner asserts that *Hemingway* acts to restart the statute of limitations because "it would have been useless to challenge the crime of violence on appeal until after *Hemingway* was decided, as that case announced new substantive law narrowing the definition of a crime of violence." ECF No. 48-1 at 5. That argument has now been definitively rejected the Fourth Circuit, *Whiteside*, 755 F.3d at 183–84, as *Hemingway* was a change in law, not in fact.

4

Accordingly, the Court finds that his petition is untimely pursuant to § 2255(f)(4).

### 5.     *Equitable Tolling*

Petitioner does not explicitly state that the statute of limitations should be equitably tolled based on unfavorable precedent prior to *Hemingway*, but to the extent he makes such an argument, that argument has also been definitely rejected by the Fourth Circuit.  *Id.* at 185–86 ("[A]lleged futility cannot serve as 'cause' for a procedural default in the context of collateral review.").  Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case and his petition must be dismissed as untimely.

## IV.   Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 53, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 48, is **DENIED**.  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right."  The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

                                           *s/ Terry L. Wooten*
                                           Terry L. Wooten
                                           Chief United States District Judge

June 5, 2015
Columbia, South Carolina